KORBER & Co., INC., PLAINTIFFS AND APPELLEES, v. ABOY, VIDAL & Co., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan, Section 1, in an Action for Damages.

MOTION for Dismissal of the Appeal.

No. 1862.—Decided June 18, 1918.

APPEAL—DISMISSAL—NOTICE—DEATH OF ATTORNEY—EXCUSE.—In the present case the appellants did not come clearly within the exception of Rule 58 of this court, as they were notified of the motion for dismissal of the appeal before they filed the transcript. In the record the appellants make no appeal to the discretion of the court, but at the hearing they urged the death of the original attorney as an excuse. Even in such circumstances it is the duty of an appellant to make it appear of record that the death or illness of the attorney really prevented the filing.

ID.—ID.—When the appellant suggests no matter of law or pleading reviewable on appeal and the case seems to turn on facts a motion to dismiss must prevail.

The facts are stated in the opinion.

Mr. M. Benítez Flores for the appellants.

Mr. Henry G. Molina for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

A motion to dismiss an appeal is opposed on the ground that the transcript was filed before the motion. It appears that the motion to dismiss was notified to the appellants four days before the filing of the transcript, the letter being received by the secretary on the 28th day of May at 4.05 p. m. The motion was filed on the same day at 4.30 p. m. The affidavit presented by the appellees after serving the motion shows in addition that when on the 24th day of May the motion for dismissal was presented to the attorney for the appellants he said that he would go to see the attorney for the appellees in regard to the same. Rule 58 of this court is as follows:

"If the transcript of the record or the brief made by appellants be not filed within the time prescribed the appeal may be dismissed, on motion, after notice given. If the transcript, though not filed

within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion."

Hence, appellants did not come clearly within the exception, as they were notified of the motion before they filed the transcript.

In the record they make no appeal to the discretion of the court, but at the hearing urged the death of the original attorney as an excuse. Even in such circumstances it is the duty of an appellant to make it appear of record that the death or illness of the attorney really prevented the filing. The present attorney may have had the case in his hands for some time. Furthermore, it appears that no statement of the case came up with the transcript, although there was an offer of one in the district court. Hence, as the appellants suggest no matter of law or pleading reviewable on appeal, and as the same seems to turn on facts, the motion to dismiss must prevail. And we have the less hesitation in doing this because the motion to dismiss was filed only a few moments after the filing of the transcript, and the attorney for the appellants had offered to see the attorney for the appellees about the matter when served four days before.

The appeal must be

*Dismissed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.